IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Cynthia Willmett for ALEXA VICTORIA PICKENS,<br><br>      Plaintiff,<br><br>  v.<br><br>MICHAEL ASTRUE,<br>Commissioner of Social Security,<br><br>      Defendant.<br>_____/ | No. 2:10-cv-01201 KJN<br><br><br><br><br><br><br>ORDER |

        Plaintiff, who filed this action on her daughter's behalf and is represented by counsel, filed a complaint and motion to proceed in this action in forma pauperis on May 17, 2010. (Dkt. Nos. 2, 3.) This court granted plaintiff's motion to proceed in forma pauperis (Dkt. No. 4) and issued a scheduling order setting forth, among other things, a deadline by which defendant was required to file the administrative transcript and an answer or other response to plaintiff's complaint, and a deadline by which plaintiff was required to file a motion for summary judgment and/or remand (Dkt. No. 6.) The scheduling order further provides: "The court will not contact counsel or the parties to remind them of these scheduling deadlines. Failure to adhere to the schedule outlined above may result in sanctions, including dismissal. L.R. 110. Plaintiff has an affirmative duty to prosecute this action, and failure to do so may result in dismissal for lack

of prosecution. Fed. R. Civ. P. 41(b)." (Scheduling Order at 4.)

On September 3, 2010, defendant lodged the administrative transcript with the court and filed an answer to plaintiff's complaint. (Dkt. Nos. 10, 11.) Thus, plaintiff's motion for summary judgment was due on or before October 18, 2010. The court's docket reveals that plaintiff has not filed a motion for summary judgment.

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff shall show cause in writing, on or before January 20, 2011, why this case should not be dismissed for lack of prosecution and why plaintiff and her counsel, Jesse S. Kaplan, should not be sanctioned by the court for failure to adhere to the court's Local Rules and the orders entered in this case. See Fed. R. Civ. P. 41(b); E. Dist. Local Rules 110 ("Failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court."); see also Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991) (recognizing that a court "may act *sua sponte* to dismiss a suit for failure to prosecute"); Hells Canyon Preservation Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (stating that courts may dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) *sua sponte* for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders); Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam) ("Failure to follow a district court's local rules is a proper ground for dismissal."); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) ("Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court."); Thompson v. Housing Auth. of City of L.A., 782 F.2d 829, 831 (9th Cir. 1986) (per curiam) (stating that district courts have inherent power to control their dockets and may impose sanctions including dismissal).

Failure by plaintiff to file the required writing within the time provided will result in dismissal of this action. <u>It will not be sufficient for plaintiff to merely file a late motion for summary judgment; plaintiff must file the required writing</u>.

2. Plaintiff's counsel shall serve this order on his client within seven days of the date of this order, and shall file written notice with the court within seven days of that service that he has actually served this order his client. Failure on Mr. Kaplan's part to either serve this order on plaintiff or provide the required notice to the court shall constitute additional grounds for the imposition of monetary sanctions against Mr. Kaplan personally.

IT IS SO ORDERED.

DATED: January 5, 2011

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE