IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CYNTHIA WILLMETT, for A.P.,

    Plaintiff,     No. 2:10-cv-01201 KJN

    v.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.     ORDER
_____/

    Plaintiff filed an application for social security benefits on behalf of her minor daughter, referred to in this order as "A.P."  Plaintiff herein seeks judicial review through counsel of a final decision of the Commissioner of Social Security ("Commissioner") denying an application for Supplemental Security Income ("SSI") child benefits under Title XVI of the Social Security Act ("Act").[1]  Presently before the court is plaintiff's motion for summary judgment, to which the Commissioner filed an opposition.  (Pl.'s Mot. for Summ. J., Dkt. No. 15; Commissioner's Opp'n to Mot. for Summ. J., Dkt. No. 17.)

    For the reasons stated below, the court grants plaintiff's motion for summary

---

[1] This case was referred to the undersigned pursuant to Eastern District of California Local Rule 302(c)(15) and 28 U.S.C. § 636(c), and both parties have voluntarily consented to proceed before a United States Magistrate Judge, 28 U.S.C. § 636(c)(1); Fed. R. Civ. P. 73; E. Dist. Local Rule 301.  (Dkt. Nos. 8, 12.)

1

judgment in part and remands this matter to the Commissioner for further proceedings. Specifically, the undersigned concludes that on the present record, the administrative law judge ("ALJ") and the Appeals Council of the Office of Disability Adjudication and Review ("Appeals Council") did not comply with 42 U.S.C. § 1382c(a)(3)(I), as interpreted in Howard ex. rel. Wolff v. Barnhart, 341 F.3d 1006 (9th Cir. 2003), and Social Security Acquiescence Ruling 04-1(9), 69 Fed. Reg. 22,578-03, 2004 WL 875081 (Apr. 26, 2004) ("Acquiescence Ruling 04-1(9)"). Although this case presents a close call, the record does not support the conclusion that the ALJ and the Appeals Council made a reasonable effort to obtain a case evaluation by a pediatrician or other appropriate specialist that was based on the entire record. Because this legal error warrants remanding this matter for further proceedings, the undersigned does not reach the remainder of plaintiff's arguments seeking reversal of the ALJ's and Appeals Council's decisions.

I.   BACKGROUND[2]

In February 2006, plaintiff filed an application for SSI on behalf of her minor daughter, alleging a disability onset date October 2, 1998.[3] (Admin. Tr. ("AT") 101, 112, 124.) The application was made on the basis of A.P.'s alleged mental impairments consisting of social anxiety and social phobias, and the physical manifestations thereof. The Social Security Administration denied plaintiff's application initially and upon reconsideration. (AT 79-84, 89-92.) Plaintiff requested a hearing before an ALJ, and the ALJ conducted a hearing on January 16, 2008. (AT 45-78, 93.) Plaintiff and her daughter, who were represented by counsel at the hearing, testified.

---

[2] Because the parties are familiar with the factual background of this case, including A.P.'s medical history, the undersigned does not exhaustively relate those facts here. The facts related to A.P.'s impairments and medical history will be addressed insofar as they are relevant to the issues presented by the parties.

[3] The Commissioner does not dispute that A.P. met, and still meets, the age and financial eligibility requirements to seek SSI child benefits.

1  In a decision dated February 22, 2008, the ALJ denied plaintiff's application, finding that A.P. was not disabled within the meaning of the Act. (See AT 9-22.) Plaintiff administratively appealed the ALJ's decision and submitted additional exhibits, including a report from James Margolis, M.D. dated March 5, 2008, which the Appeals Counsel ordered to be made part of the record. (AT 4.) After considering the ALJ's decision and the additional evidence, the Appeals Council denied plaintiff's request for review without any substantive explanation. (AT 1-3.) Plaintiff subsequently filed this action.

B.  Summary of the ALJ's Findings

The ALJ conducted the required three-step evaluation attendant to applications for SSI benefits by individuals under the age of 18 and concluded that A.P. was not disabled within the meaning of the Act.[4] At step one, the ALJ found that A.P. was a school-age child who had not engaged in substantial gainful activity at any time relevant to the decision. (AT 12.) At step two, the ALJ concluded that A.P. had the following "severe" impairment: "Social Phobia, rule out Obsessive-Compulsive Disorder." (Id.) At step three, the ALJ determined that A.P. did not

---

[4] Pursuant to 42 U.S.C. § 1382c(a)(3)(C)(i)-(ii), an individual under the age of 18 shall be considered disabled if he or she has not engaged in "substantial gainful activity" and "has a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." Claims for SSI by such minors are analyzed under a three-step framework, see 20 C.F.R. § 416.924(a), which "requires the ALJ to determine (1) whether the claimant is currently engaged in substantial gainful activity, (2) whether the claimant has a medically determinable impairment or combination of impairments that is severe, and (3) whether the claimant's impairment or combination of impairments meets or medically equals the requirements of a listed impairment, or functionally equals the listings." Robinson v. Astrue, No. CIV S-08-2296 DAD, 2010 WL 3733993, at *2 (E.D. Cal. Sept. 21, 2010) (unpublished) (citing 20 C.F.R. § 416.924(b)-(d)). If the analysis reaches the question of "functional" equivalence at step three, the question of whether an impairment or combination of impairments functionally equals a listing is determined in reference to the following six "broad areas of functioning intended to capture all of what a child can or cannot do," which are referred to as "domains": "(i) Acquiring and using information; (ii) Attending and completing tasks; (iii) Interacting and relating with others; (iv) Moving about and manipulating objects; (v) Caring for yourself; and, (vi) Health and physical well-being." See 20 C.F.R. § 416.926a(b)(1)(i)-(vi). The applicable regulation also provides: "By 'functionally equal the listings,' we mean that your impairment(s) must be of listing-level severity; i.e., it must result in 'marked' limitations in two domains of functioning or an 'extreme' limitation in one domain." 20 C.F.R. § 416.926a(a); see also Howard, 341 F.3d at 1012.

have an impairment or combination of impairments that met or medically equaled one of the impairments listed in the applicable regulations. (AT 13.)

Because the ALJ concluded that A.P. did not have an impairment or combination of impairments that met or medically equaled a listing, the ALJ analyzed whether A.P. had an impairment or combination of impairments that functionally equaled a listing. (See AT 13-22.) In regards to the six domains relevant to the inquiry, the ALJ found that A.P.: (1) had "no limitation" in acquiring and using information, attending and completing tasks, and moving about and manipulating objects; (2) had "marked limitation" in interacting and relating with others; and (3) had "less than marked limitation" in the ability to care for herself and in health and physical well-being. (See AT 16-22). Because the ALJ found that A.P. did not have "marked" limitations in two domains or an "extreme" limitation in one domain, he found that A.P.'s mental impairment did not functionally equal a listing. Accordingly, the ALJ found that A.P. was not disabled within the meaning of the Act. (See AT 22.)

II.     DISCUSSION

Plaintiff's main argument is that the ALJ's evaluation of A.P.'s claim for SSI benefits does not comply with the requirements of 42 U.S.C. § 1382c(a)(3)(I), as interpreted in Howard, 341 F.3d 1006, and Acquiescence Ruling 04-1(9). In relevant part, 42 U.S.C. § 1382c(a)(3)(I) provides:

> In making any determination under this subchapter with respect to the disability of an individual who has not attained the age of 18 years . . . , the Commissioner of Social Security shall make reasonable efforts to ensure that a qualified pediatrician or other individual who specializes in a field of medicine appropriate to the disability of the individual (as determined by the Commissioner of Social Security) evaluates the case of such individual.

In Howard, the Ninth Circuit Court of Appeals interpreted Section 1382c(a)(3)(I) in the context of an appeal of the denial of SSI benefits to a minor. See Howard, 341 F.3d at 1013-14. The record in Howard included evaluations, reports, and records of myriad treating and examining professionals and, as a result, the ALJ denied the claimant's multiple requests that

4

a pediatrician or other similar specialist appear at the hearing and evaluate the minor's case. The district court affirmed the ALJ's decision on the basis of the well-developed record.

Although the Ninth Circuit Court of Appeals concluded that substantial evidence supported the ALJ's decision, it reversed the decision of the ALJ based on a finding of legal error and remanded the matter for further development of the record. See Howard, 341 F.3d at 1014. In reversing and remanding, the Court of Appeals interpreted 42 U.S.C. § 1382c(a)(3)(I) "to mean that the ALJ is required to make a reasonable effort to obtain a case evaluation, based on the record in its entirety, from a pediatrician or other appropriate specialist, rather than simply constructing his own case evaluation from the evidence in the record." Howard, 341 F.3d at 1014. Acknowledging that the record contained numerous experts' reports, the Court of Appeals further stated: "There is a distinction, however, between having an expert evaluate a claimant with respect to that expert's particular specialty, and having an expert evaluate a claimant's case in its entirety, considering all of the medical records and determining whether those indicate that the claimant is disabled within the meaning of the Social Security Act." Id. at 1014 n.2. It ultimately concluded that "[d]espite the various reports of doctors and specialists indicating their independent views of [the minor's] situation, at no point did the ALJ have her case evaluated as a whole, nor did he indicate that there was a 'case' evaluation in the record." Id. at 1014.

The Social Security Administration disagreed with the breadth of the interpretation of Section § 1382c(a)(3)(I) provided in Howard. As a result, it issued Acquiescence Ruling 04-1(9), which explains how the holding of Howard is to be applied in administrative proceedings taking place within the Ninth Circuit. Acquiescence Ruling 04-1(9) provides that:

> For cases that are subject to this Ruling, ALJs and AAJs (when the Appeals Council makes a decision) must make reasonable efforts to ensure that a qualified pediatrician or other individual who specializes in a field of medicine appropriate to the disability of the individual (as identified by the ALJ or AAJ) evaluates the case of the individual. To satisfy this

> requirement, the ALJ or AAJ may rely on case evaluation made by a State agency medical or psychological consultant that is already in the record, or the ALJ or AAJ may rely on the testimony of a medical expert.  When the ALJ relies on the case evaluation made by a State agency medical or psychological consultant, the record must include the evidence of the qualifications of the State agency medical or psychological consultant.  In any case, the ALJ or AAJ must ensure that the decision explains how the State agency medical or psychological consultant's evaluation was considered.

69 Fed. Reg. at 22,580.  Acquiescence Ruling 04-1(9) expressly applies to decisions made at the Administrative Law Judge and Appeals Council levels of the administrative review process.  Id. at 22,579 and 22,580.

The undersigned concludes that plaintiff's argument premised on Howard and Acquiescence Ruling 04-1(9) is well-taken for several reasons.  In regards to the ALJ's written decision, the undersigned is unable to discern with any certainty that the ALJ considered the requirements of Howard and Acquiescence Ruling 04-1(9).  The ALJ's otherwise detailed, 13-page decision does not reference Howard or Acquiescence Ruling 04-1(9), the standards set forth in Howard or Acquiescence Ruling 04-1(9), or which expert opinion the ALJ relied on to satisfy the requirement of a case evaluation.  Thus, it is difficult to identify the report upon which the ALJ relied to meet the requirement that he rely on an expert's evaluation of A.P.'s entire case that is based on the entire record.

Having been left to guess regarding which report in the record, if any, served as the complete case evaluation, plaintiff's motion for summary judgment focuses on the Childhood Disability Evaluation Form completed by state agency physician Robert A. McAuley, M.D. on June 30, 2006, which Dr. McAuley subsequently reviewed and "confirmed" on August 9, 2006, and which was "affirmed" by state agency physician Howard Grindlinger, M.D. on February 7, 2007.  (See AT 213-18, 220-22, 225-30.)  Tellingly, however, the Commissioner's opposition brief does not rely on the reports of Drs. McAuley and Grindlinger or even suggest that those reports satisfied the requirements of Howard and Acquiescence Ruling 04-1(9).  The undersigned concludes, on the basis of the Commissioner's lack of support for the reports of Drs. McAuley

and Grindlinger, that the Commissioner has conceded that those reports do not constitute complete case evaluations that satisfy Howard and Acquiescence Ruling 04-1(9).

Substantively, the ALJ's discussion of Drs. McAuley's and Grindlinger's reports does not meet the requirements of Howard and Acquiescence Ruling 04-1(9).  First, Dr. McAuley completed his June 30, 2006 report over 18 months before the ALJ's issued his decision, and Dr. McAuley did not consider the entire record.  At a minimum, Dr. McAuley did not consider the "Multidisciplinary Evaluation Summary" completed by clinical psychologists Lynne Calonico, Ph.D. and Ceri Dierst-Davies, Ph.D., which was prepared on or around September 19, 2007.  (See AT 280-90.)  Because Dr. McAuley did not consider significant portions of the record including the Multidisciplinary Evaluation Summary, Dr. McAuley's report, as affirmed by Dr. Grindlinger, does not satisfy the requirements of Howard and Acquiescence Ruling 04-1(9).

Second, the record does not include evidence of the qualifications of Drs. McAuley and Grindlinger, which violates Acquiescence Ruling 04-1(9).  See Acquiescence Ruling 04-1(9), 69 Fed. Reg. 22,580 ("When the ALJ relies on the case evaluation made by a State agency medical or psychological consultant, the record must include the evidence of the qualifications of the State agency medical or psychological consultant.").  Although a footnote in the Commissioner's opposition to plaintiff's motion for summary judgment notes in passing that "Dr. McAuley's medical specialty code is '37' for psychiatry" (Commissioner's Opp'n at 2 n.1), the Commissioner does not expressly contend that this reference to the number "37" meets the requirement of Acquiescence Ruling 04-1(9).  Again, in any event, the Commissioner does not rely on Dr. McAuley's report in opposing plaintiff's arguments based on Acquiescence Ruling 04-1(9).

Third, the ALJ's decision does not describe in any concrete way *how* the reports of the state agency physicians were considered, which again violates Acquiescence Ruling 04-1(9).  See Acquiescence Ruling 04-1(9), 69 Fed. Reg. 22,580 (stating that "the ALJ or AAJ must

ensure that the decision explains how the State agency medical or psychological consultant's evaluation was considered"). The ALJ's discussion of Dr. McAuley's opinion appears in one paragraph toward the end of the ALJ's decision and states that the ALJ's conclusion regarding the domains "is supported by the opinion of State agency psychologist, Dr. R. A. McAuley." (AT 22.) Although the paragraph addressing Dr. McAuley's opinion summarizes Dr. McAuley's opinion and states that the opinion supports the ALJ's findings, it does not indicate in any clear way how the opinion was actually considered. Indeed, the ALJ's decision more accurately reflects that the ALJ cited Dr. McAuley's report in order to bolster the ALJ's analysis, not in order to satisfy Howard or Acquiescence Ruling 04-1(9).

In addressing plaintiff's arguments premised on Howard and Acquiescence Ruling 04-1(9), the Commissioner relies entirely on the Multidisciplinary Evaluation Summary completed by Drs. Calonico and Dierst-Davies. (AT 280-90.) As noted above, Drs. Calonico and Dierst-Davies completed the Multidisciplinary Evaluation Summary on or around September 19, 2007, which was approximately five months prior to the date the ALJ issued his decision. In concluding that A.P. did not have an impairment or combination of impairments that functionally equaled a listing, the ALJ stated that he accorded "substantial weight to the opinions of" Drs. Calonico and Dierst-Davies. (AT 13; see also AT 16 (stating that "the undersigned finds that the opinions of [Drs. Calonico and Dierst-Davies] are supported by the medical evidence in the record").)

As an initial matter, the undersigned notes that A.P. was referred to Drs. Calonico and Dierst-Davies by A.P.'s primary care pediatrician, not the ALJ. (See AT 280, 290.) However, the holding in Howard contemplates that an ALJ may satisfy 42 U.S.C. § 1382c(a)(3)(I) by pointing to a complete case evaluation that already exists in the record. See Howard, 341 F.3d at 1014.

Additionally, Drs. Calonico and Dierst-Davies, who are clinical psychologists, appear to be specialists who could appropriately conduct the required complete case evaluation.

8

Nevertheless, the undersigned cannot conclude on the current record that the Multidisciplinary Evaluation Summary satisfies <u>Howard</u> and Acquiescence Ruling 04-1(9). The undersigned's concern relates to the materials in the record that were considered, or not considered, by Drs. Calonico and Dierst-Davies. At the outset, the undersigned cannot conclude from the administrative record that Drs. Calonico and Dierst-Davies reviewed "the entire record." Although the Multidisciplinary Evaluation Summary states, under the heading "Evaluation Procedures," that Drs. Calonico and Dierst-Davies conducted a "Review of Patient Records," it is unclear from the report which records were considered.[5] The Ninth Circuit Court of Appeals's decision in <u>Howard</u> provides that the expert who conducts the case evaluation must consider the "record in its entirety," and the court expressly referred to the consideration of "all of the medical records." <u>Howard</u>, 341 F.3d at 1014 & n2. The undersigned cannot conclude from the text of the Multidisciplinary Evaluation Summary that it was based on a review of the record in its entirety.

Furthermore, it appears that Drs. Calonico and Dierst did not review—and in one case, could not have reviewed—some of the records that were made part of the record by the Appeals Council after the hearing before the ALJ. These records include: (1) a Teacher Questionnaire completed by a teacher at Skycrest Elementary School, dated April 4, 2006, which noted that A.P. had functional problems in at least two domains (<u>see</u> AT 153-63); (2) records relating to A.P.'s Individualized Education Program that are dated October 17, 2006, and January 26, 2007 (AT 174-82, 293-97)[6]; and a medical report prepared by Dr. Margolis and dated March

---

[5] It is also apparent from the Multidisciplinary Evaluation Summary that Drs. Calonico and Dierst-Davies also considered a 2005 assessment of A.P. by San Diego State University's Center for Behavioral Teratology and a "psycho-educational evaluation" by A.P.'s school district. (See AT 282.) But it is unclear what else these psychologists considered. For example, it does not appear from the Multidisciplinary Evaluation Summary that Drs. Calonico and Dierst-Davies reviewed Dr. McAuley's assessment.

[6] The Multidisciplinary Evaluation Summary refers to a "psycho-educational evaluation" that the school district administered to A.P. in October 2006. (AT 282.) However, it is unclear if the

5, 2008 (AT 298-300). These documents raise questions about the completeness of the record reviewed by Drs. Calonico and Dierst-Davies in preparing their report.

Moreover, the Appeals Council made Dr. Margolis's report part of the administrative record and then made a decision unfavorable to A.P. after considering that report. (See AT 1-2, 4.) However, there is no indication that the Appeals Council made a reasonable effort to seek a case evaluation based on the entire record, which would include Dr. Margolis's report. Although the Commissioner argues that the Appeals Council is entitled to resolve conflicts in the medical evidence, Acquiescence Ruling 04-1(9) applies to ALJs *and* the Appeals Council. The Appeals Council made a determination based not only on the ALJ's decision and the record before the ALJ, but also based on the newly submitted materials. The Commissioner has not provided authority for the proposition that the Appeals Council may avoid the requirements of Howard and Acquiescence Ruling 04-1(9) when it decides an administrative appeal that is based, in part, on newly ascertained materials that the Appeals Council has made part of the administrative record. In the absence of such authority, and given the unexplained decision of the Appeals Council, the undersigned cannot conclude that the ALJ and Appeals Council complied with Howard and Acquiescence Ruling 04-1(9).

On the present record and in light of the foregoing discussion, the undersigned concludes that the ALJ and Appeals Council committed legal error. The undersigned concludes that reasonable efforts were not made to obtain a case evaluation by an appropriate specialist based on a review of the entire record. The undersigned also has significant concerns regarding which expert report, if any, was relied on by the ALJ insofar as Howard and Acquiescence Ruling 04-1(9) are concerned. Accordingly, the undersigned grants plaintiff's motion for summary judgment in part, and remands this matter for further proceedings consistent with this order, Howard, and Acquiescence Ruling 04-1(9).

---

psycho-educational evaluation is synonymous with the Individualized Education Program records referred to above.

III. <u>CONCLUSION</u>

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (Dkt. No. 15) is granted in part, and this matter is remanded for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g).

2. To the extent that the Commissioner's opposition to plaintiff's motion for summary judgment (Dkt. No. 17) constitutes a cross-motion for summary judgment, it is denied.

3. The Clerk of Court is directed to enter judgment in favor of plaintiff.

IT IS SO ORDERED.

DATED: August 24, 2011

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE