BENJAMIN B. WAGNER
United States Attorney
DONNA L. CALVERT
Acting Regional Chief Counsel, Region IX
Social Security Administration
ARMAND D. ROTH
Special Assistant United States Attorney
California Bar No.  214624

    333 Market Street, Suite 1500
    San Francisco, California 94105
    Telephone:  (415) 977-8924
    Facsimile:  (415) 744-0134
    E-Mail:Armand.Roth@ssa.gov

Attorneys for Defendant Commissioner of Social Security

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

**SACRAMENTO DIVISION**

| | |
|---|---|
| ALEXA VICTORIA PICKENS, <br><br> Plaintiff, <br><br> v. <br><br> MICHAEL J. ASTRUE, <br> Commissioner of <br> Social Security, <br><br> Defendant. <br>_____ | CIVIL NO. 10-cv-01201-KJN <br><br> STIPULATION AND ~~PROPOSED~~ ORDER SETTLING ATTORNEY'S FEES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT, 28 U.S.C. § 2412(d) |

    IT IS HEREBY STIPULATED by and between the parties through their undersigned counsel, subject to the approval of the Court, that Plaintiff be awarded attorney fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d), in the amount of TWO THOUSAND TWO HUNDRED FIFTY DOLLARS ($2,250). This amount represents compensation for all legal services rendered on behalf of Plaintiff by counsel in connection with this civil action, in accordance with 28 U.S.C. § 2412(d).

    If  Plaintiff's attorney provides the government with a copy of Plaintiff's assignment of EAJA fees to Plaintiff's attorney within four weeks of the Court's order adopting this stipulation, the government will consider the assignment.  Pursuant to *Astrue v. Ratliff*, 130 S. Ct. 2521 (2010), the

ability to honor the assignment will depend on whether the fees are subject to any offset allowed under the United States Department of the Treasury's Offset Program.  After the order for EAJA fees is entered, the government will determine whether they are subject to any offset.

Fees shall be made payable to Plaintiff, but if the Plaintiff's attorney provides the government with a copy of Plaintiff's assignment and the Department of the Treasury determines that Plaintiff does not owe a federal debt, then the government shall cause the payment of fees to be made directly to Plaintiff's attorney pursuant to the assignment executed by Plaintiff.   Any payments made shall be delivered to Plaintiff's counsel.

This stipulation constitutes a compromise settlement of Plaintiff's request for EAJA attorney fees, and does not constitute an admission of liability on the part of Defendant under the EAJA. Payment of $2,250 shall constitute a complete release from and bar to any and all claims Plaintiff may have relating to EAJA fees in connection with this action. Any payment shall be delivered to Plaintiff's counsel.

This award is without prejudice to the rights of Plaintiff's counsel to seek Social Security Act attorney fees under 42 U.S.C. § 406, subject to the provisions of the EAJA.

Respectfully submitted,

Dated: October 11, 2011         /s/ Jesse S. Kaplan
                                JESSE S. KAPLAN
                                *(As authorized via email)*

                                Attorney for Plaintiff

Dated: October 11, 2011         BENJAMIN B. WAGNER
                                United States Attorney
                                DONNA L. CALVERT
                                Acting Regional Chief Counsel, Region IX
                                Social Security Administration

                                */s/*Armand Roth
                                ARMAND ROTH
                                Special Assistant U.S. Attorney

                                Attorneys for Defendant

**ORDER**

Pursuant to the stipulation and proposed order filed by the parties (Dkt. No. 22), IT IS HEREBY ORDERED that:

1. Plaintiff shall be awarded attorney fees in the amount of TWO THOUSAND TWO HUNDRED FIFTY DOLLARS ($2,250), as authorized by 28 U.S.C. § 2412(d), subject to the terms of the above-referenced stipulation.

2. Plaintiff's motion for attorney's fees (Dkt. No. 21) is denied as moot.

DATED: October 18, 2011

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE